**E-FILED**
Friday, 07 October, 2016  02:04:33 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

DAVID S. GOTHARD

Plaintiff

v                                                        Case No.

IOWA INTERSTATE RAILROAD, LTD,          **JURY DEMAND**
A Corporation

Defendant

---

## COMPLAINT

Now comes the Plaintiff, David Gothard, by Richard L. Steagall, his attorney,

and complaining of the Defendant, Iowa Interstate Railroad, Ltd., a Corporation, for his

claims states:

### I.
### Jurisdiction & Venue

1.      Jurisdiction to hear plaintiff's claims under the Federal Employer's

Liability Act, 45 U.S.C. § 51 et seq exists under 28 U.S.C. § 1337 (a).

2.      Plaintiff, David S. Gothard, is a resident of Bradford, Illinois, Stark County

who was employed as a railroad worker for the defendant corporation.

3.      Defendant, Iowa Interstate Railroad Ltd., is a corporation incorporated

under the laws of the State of Delaware with its principal place of business in City of

Cedar Rapids, Linn County, Iowa, engaged in the business of operating short line

railroads as a common carrier engaged in interstate commerce in Illinois, Iowa, and Nebraska. Iowa Interstate Railroad references itself with a logo with the word Iowa above IAIS and the word Interstate below IA1S.

4.      The injuries suffered by Gothard occurred on a railroad operated by Iowa Interstate Railroad LTD, near Bureau, Illinois.  Venue exists under 28 U.S.C. § 1391 (a).  The case is assigned to the Peoria Division of the Central District of Illinois under Local Rule 40.1.

3.      Gothard suffered injuries in the course of his employment for the Iowa Interstate Railroad on **October 11,2013**, near Bureau, Bureau County, Illinois.

## II.
## The Parties

4.      Gothard has spent his work life on the railroad employed as a Track Laborer and Track Foreman from July, 2006 until the injury occurred on October 11, 2013.

5.      Iowa Interstate Railroad Ltd., IAIS, is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Cedar Rapids, Linn County, Iowa engaged in the business of operating short line railroads transporting goods in interstate commerce in the States of Illinois, Iowa, and Nebraska.

## III.
## The Incident

6.      Gothard reported to work at Bureau, Illinois at 7:00 a.m. on October 11,

2013 to work on a tree that had fallen on the Railroad track located near Bureau, Illinois, in the course of his employment for Iowa Interstate Railroad.

7.      The fallen tree was fouling the single main line track located on top of each rail.  At approximately mid-morning, Gothard was using a Steel Chain Saw in an attempt to clear the tree from the single main line track by cutting it and then removing the parts. An Iowa Interstate Railroad employee, Brandon Teske, was with Gothard and supposed to be watching for debri and removing it.

8.      While Gothard was cutting through the tree with the chain saw, Teske was not doing his job of watching for debri and picking it up. He had taken hold of the other side of the tree Gothard was cutting and pulling on it.

9.      Had Teske not touched the tree and pulled with it, the tree would have fallen the four-five feet distance to the ballast. Gothard would then decide if the tree required cutting again in order to move it or whether he and Teske could move it.

10.      The pressure Teske put on the tree while pulling it caused the portion of the tree to go backward to Gothard's knee when the chain cut had been completed striking him with great force in the right knee.   Feb 7 2014

## IV.
### Plaintiff's Claims

**A.      Statute Involved - Federal Employer's Liability Act**

11.      At all times material, there was in full force and effect in the United States a certain statute known as the Federal Employer's Liability Act, 45 U.S.C. § 51 et seq which provides.

§ 51. Liability of common carriers by railroad, in interstate or foreign commerce, for injuries to employees from negligence; employee defined

Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter.

**B.** **FELA Claim**

12.     Iowa Interstate Railroad  was under a duty imposed by the Federal

Liability Act to provide Gothard with a reasonably safe place to work. 45 U.S.C. § 51.

13.     The agents of Iowa Interstate Railroad acting in the scope of their

employment knew that a tree laying on the single main track created a danger as well

as unsafe operating conditions, but negligently failed to supply with proper training

and proper education to Brandon Taske during the course of his employment for Iowa

Interstate Railroad  and more particularly during the job Gothard was performing on

October 11, 2013, knew or should have known that the equipment provided was not correct but negligently failed to provide the proper equipment to complete the task in a safe manner, Brandon Teske negligently was pulling on the tree Gothard was cutting when he knew or in the exercise of reasonable case should have known that the pressure he was placing on the tree would cause movement to Gothard and not allow the tree to fall downward when the chain saw cut was complete.

## V.
### Relief Sought

14.     As a proximate of the negligence of Iowa Interstate Railroad,  Gothard suffered injuries to his right knee and the surrounding area; he has in the past and will in the future endure pain and suffering, mental distress, he has and will incur medical expenses to treat the injuries and attempt to heal and cure those injuries and effects; he has been disabled from performing the tasks he performed prior to the injury; he has lost income from Iowa Interstate Railroad's termination of his employment because of his inability to perform the work due to the injuries suffered, was injured and sustained severe injuries to his right lower extremities and will suffer a permanent reduction in earning capacity from the injuries.

## VI.
### Prayer for Relief

WHEREFORE, Plaintiff, David S. Gothard, prays for judgment in his favor and against the Defendant, Iowa Interstate Railroad LTD,  in the amount of FIVE HUNDRED THOUSAND ($500,000)  plus costs of suit.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,


s/ Richard L. Steagall
RICHARD L. STEAGALL,
Attorney for the Plaintiff


RICHARD L. STEAGALL
Steagall Law Offices
416 Main Street, Suite 815
Commerce Building
Peoria, IL 61602-1115
309-674-6085  E-mail:
Fax 309-674-6032
**nicsteag@mtco.com**